# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **STATE OF TENNESSEE,** *District Attorney General, Clarksville, Tennessee,* | )<br>)<br>) |
| Plaintiff, | ) No. 3:25-cv-00137 |
| v. | )<br>) Judge Trauger |
| **JOHNATHAN THREATS # 51248,** | ) Magistrate Judge Holmes<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Johnathan Threats, an inmate of the Montgomery County Jail in Clarksville, Tennessee, proceeding pro se, has filed a Notice of Removal (Doc. No. 1) and a Motion to Produce State Court Record (Doc. No. 2). Threats now attempts to remove to federal court the criminal proceedings brought by the State of Tennessee against him in Case No. CC-24-CR-115 in Montgomery County Circuit Court.[1]

By Order entered on March 14, 2025, the court ordered Threats to submit either the full civil filing fee or an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 7). Threats then submitted a handwritten application for pauper status, in which he revealed for the first time that he had "been in custody for over a year." (*Id*. at PageID# 10). Because Threats is in custody, he is required to support his pauper application with a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). Threats has not done so. Even so, the court finds that it would be inefficient to require Threats to submit the required statement at this time because he will be

---

[1] In his Notice of Removal, Threats does not state what charges have been brought against him.

responsible for paying the filing fee for this action no matter what[2] and this case is clearly subject to remand, for the reasons explained below.

Threats represents that he has no income, assets, benefits, or property and cannot afford to pay the civil filing fee. (Doc. No. 7). It appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 7) is **GRANTED**.

Under § 1915(b), Threats nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Threats is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of his inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Threats' account; or (b) the average monthly balance in Threats' account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Threats' account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Threats' account during the preceding month, but only when the amount in the account

---

[2] The responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee). By analogy, Threats became responsible for paying the civil filing fee when he filed his Notice of Removal. The court's decision to move forward in the absence of a certified inmate account statement benefits Plaintiff as he will be permitted to pay the filing fee in installments rather than paying the full fee as a lump sum.

exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Threats' name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Montgomery County Jail to ensure that the custodian of Threats' inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Threats is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Threats to his new place of confinement for continued compliance.

Next, the court moves to why this case is subject to remand. Under federal law, state criminal proceedings may be removed to federal court in only rare circumstances. *State of Michigan v. Lewis*, No. 24-10151, 2024 WL 303878, at *1 (E.D. Mich. Jan. 25, 2024). Threats' removal notice does not cite any federal statute allowing removal of a criminal case, although the court recognizes that Threats is acting pro se and thus construes the notice liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a liberal interpretation, however, the notice does not allow for removal under any conceivable statute.

28 U.S.C. § 1442 allows federal officers to remove criminal prosecutions against them in certain circumstances. *See Mesa v. California*, 489 U.S. 121 (1989). Threats does not allege that

3

he is an officer of the United States. 28 U.S.C. § 1442a allows removal of some criminal actions against members of the armed forces. Threats does not allege that he was a member of the armed forces at the time of the relevant offense(s).

28 U.S.C. § 1443 allows removal of criminal cases under certain circumstances, which do not appear to be present here. First, the removing party must show denial of a right "under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation omitted). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (citation omitted).

Threats does not allege violations of a federal right to racial equality. He does not allege any Tennessee law or policy precluding him from enforcing his rights. Indeed, Threats asserts no basis for removal other than "there is ABSOLUTELY NO EVIDENCE to support the charges . . . ." (Doc. No. 1 at PageID #1) (capitalization in original). That is insufficient to confer jurisdiction under Section 1443. *See Johnson*, 421 U.S. 213, 219. "[C]laims of constitutional violations or other dissatisfaction with the state proceedings are insufficient to render a removal proper." *Lewis*, 2024 WL 303878, at *1 (citing *Johnson*) ("That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).").

The federal removal statute confers the authority on federal district courts to summarily remand a criminal prosecution to state court "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted[.]" 28 U.S.C. § 1455(b)(4). Threats' Notice of Removal does not set forth a basis for this case to be heard by a federal court.

The matter falls clearly within the jurisdiction of the state courts, and not a federal district court. Threats may assert any federal defenses he believes he has in the state courts, and, if unsuccessful, may seek certiorari in the United States Supreme Court.

Accordingly, after examining the Notice of Removal, the Court concludes that it lacks subject matter jurisdiction over the removed criminal case. Therefore, the Court **REMANDS** the case to Montgomery County Circuit Court, CC-24-CR-115, which Threats represents to be his case number and the state court handling his state criminal offenses.

The Motion to Produce State Court Record (Doc. No. 2) is **DENIED AS MOOT**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge